Argued and submitted March 27, reversed and remanded April 26, reconsideration
allowed by opinion July 26, 1989
See 97 Or App 614, 776 P2d 1312 (1989)

KIRPAL LIGHT SATSANG,
*Petitioner,*

*v.*

DOUGLAS COUNTY,
*Respondent,*

*and*

ROSEBURG RESOURCES et al,
*Respondents.*

(LUBA 88-082; CA A51110)

772 P2d 944

Allen L. Johnson, Eugene, argued the cause for petitioner. With him on the brief was Johnson & Kloos, Eugene.

No appearance for respondent Douglas County.

Edward J. Sullivan, Portland, argued the cause for respondents Roseburg Resources, Coalition for the Preservation of Rural Community Life, John Thennes and Pamela Thennes. With him on the brief were Peggy Hennessy and Mitchell, Lang & Smith, Portland.

Before Richardson, Presiding Judge, and Newman and Graber, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Douglas County denied petitioner's application to construct a private boarding school in a farm-forest zone. LUBA affirmed the denial, and petitioner seeks review.

While petitioner was pursuing the application process, the county amended its land use and development ordinance to change this kind of school from a permitted to a conditional use in the zone. ORS 215.428(3) provides:

> "If the application was complete when first submitted or the applicant submits the requested additional information within 180 days of the date the application was first submitted and the county has a comprehensive plan and land use regulations acknowledged under ORS 197.251, *approval or denial of the application shall be based upon the standards and criteria that were applicable at the time the application was first submitted.*" (Emphasis supplied.)

The issues are whether petitioner filed an application that is subject to that statute before the ordinance was amended and, if so, whether that application or a different one was pending before the county when it made its decision.

We quote from LUBA's statement of the facts:

> "On September 2, 1987, petitioner filed with the county a 'Planning and Sanitation Clearance Worksheet for Construction'. On that date petitioner also submitted a document entitled 'USE PERMIT APPLICATION FOR KIRPAL LIGHT SATSANG INC. LIGHTHOUSE SCHOOL,' with a number of supporting documents.

> "On September 9, 1987, the county amended its land use and development ordinance (LUDO) to make private schools a conditional use rather than a permitted use in the FF zone. By letter dated September 11, 1987, the county planning department stated it received the planning clearance worksheet and supporting data submitted by petitioner on September 2, 1987 and requested that the applicant submit additional information. The county specifically requested information to establish whether the proposed school would meet Oregon Board of Education standards. The planning department also advised petitioners of the September 9, 1987 LUDO amendments and stated petitioner's application would be 'subject to the requirements of the conditional use process.'

> "On November 23, 1987, petitioner submitted a document entitled 'PERMIT APPLICATION FOR KIRPAL LIGHT

SATSANG INC. LIGHTHOUSE SCHOOL.' Attached to that document was a completed conditional use permit application form and a number of supporting documents." (Footnotes omitted.)

The county's planning department, planning commission and governing body applied the conditional use approval standards of the plan and amended ordinance and denied the application. Petitioner contended in its appeal to LUBA that the county erred by applying those standards instead of the ones pertaining to permitted uses, which were applicable at the time of petitioner's September 2, 1987, filings. LUBA rejected that contention, and petitioner's first assignment to us is that LUBA erred by doing so.

The parties' arguments and LUBA's opinion reflect three very different views of how this case should be decided and about what is relevant to the decision. Respondents[1] contend that petitioner did not file any application before the September 9 amendment and that the "planning clearance worksheet" that it did file cannot arguably be an "application" within the meaning of ORS 215.428(3) or the county ordinance. Therefore, respondents conclude, the only application that petitioner submitted was the November 23 conditional use permit application and, perforce, the county did not err by applying the conditional use approval standards.

The problem with respondents' argument is that they base it only on the worksheet and make no cognizable mention of petitioner's September 2 "use permit application."[2] Petitioner does not contend, and LUBA did not consider, that the worksheet alone is significant. They focus instead on the September application, the September 11 letter from the planning director to petitioner and the documents—including the conditional use permit application—which petitioner submitted

---

[1] The county has not appeared in this court, and our references to "respondents" do not include it.

[2] We are perplexed by respondents' silence about the September application. It is clear from LUBA's opinion and petitioner's brief—both of which respondents had before filing their brief—that their authors regarded the filing of that application as the only important event that occurred on the day that it and the worksheet were submitted. LUBA declined to decide whether the September application was a viable one or whether it was an application of the kind to which ORS 215.428(3) applies, because it concluded that, in either event, the later application was the one before the county.

on November 23 in response to the director's letter. For practical purposes, respondents seem to be talking about a different case from the one that petitioner presented and LUBA decided.

Petitioner argues that it submitted the conditional use application and other documents on November 23 as additional information in support of the September application; that it understood the director's letter as a request for additional information rather than a request or demand for a separate and different application;[3] and that, because the letter was ambiguous and unclear, petitioner was entitled to rely on that understanding, even if the director meant something else. Petitioner concludes that the September application was the one that was before the county and that the approval standards that were applicable on September 2 should have governed.

LUBA disagreed. It explained:

"[A]lthough we do not view the September 11, 1987 letter as a final decision denying the September 2, 1987 application, neither do we read that letter in the same way as petitioner. We do not read that letter to state the county was proceeding to consider the September 2, 1987 application and was simply requesting additional information in the form of a conditional use permit application. While the letter certainly could have been clearer, we believe the letter invites petitioner to submit additional information *and* a new application for a conditional use permit. The conditional use application filed by petitioner on November 23, 1987 is, therefore a separate application for land use approval.

"Because we agree with respondents that only the November 23, 1987 conditional use permit application, and not the September 2, 1987 application, was before the planning commission and board of commissioners for review, we conclude the county correctly rejected petitioner's arguments that it must apply the pre September 9, 1987 LUDO standards to the application before it." (Emphasis LUBA's; footnote omitted.)

Like respondents' emphasis on the worksheet,

---

[3] Like respondents, the director seems to have concentrated on the worksheet more than, or instead of, the application. It is unclear whether anything in his letter relates to the latter.

LUBA's reliance on the planning director's letter gives undue weight to a document that we think is essentially irrelevant. LUBA regarded the meaning of the letter, as intended by its author, to be decisive as to the nature and purpose of the November application and as to what was pending before the county. We do not agree that the director's intended meaning is consequential.

■ The threshold questions in this case are whether the September application was properly before the county before September 9 and whether it qualified for disposition in accordance with ORS 215.428. If the answers are no, that ends the case. If the answers are yes, the director had no authority to do what LUBA understood him to have intended. Under ORS 215.428(3), the county could not require petitioner to replace its application for a permitted use with one for a conditional use after the county amended the ordinance to make the use conditional instead of permitted. The county could request additional information pursuant to ORS 215.428(2), but it would then be required to act on the initial application after the information was supplied and the application became "complete." ORS 215.428(1).

■ As we have noted, *see* note 2, *supra,* LUBA considered it unnecessary to resolve the pre-amendment status of the September application, because it concluded that the county's decision concerned the November application rather than the earlier one, regardless of what the status of the earlier one may have been. We do not agree. The status of the earlier application is germane to, and possibly determinative of, whether the county had the authority to ask for or to act on the later application, rather than deciding the first. We remand for LUBA to make appropriate factual or legal determinations about the September application and to address whatever other issues arise or remain in the light of those determinations.

■ LUBA's opinion notes that the September application is the subject of a pending circuit court mandamus proceeding. *See* ORS 215.428(7). There is language in the opinion that can be read to suggest that, because the county in fact ruled only on the November application, there is no ruling on the September application for LUBA to review and judicial recourse is all that might be available to petitioner. If the

county had made *no* decision, we might agree with that suggestion. However, it did make *a* decision, and petitioner's challenge to it is properly before LUBA. Whether a remedy is indicated and what remedy may be available are questions for LUBA to decide initially on remand, but we discern no reviewability problem.

Reversed and remanded.[4]

---

[4] Our disposition of petitioner's first assignment means that the subject of its second must also be reconsidered by LUBA on remand.