On respondents Roseburg Resources', Coalition for the Preservation of Rural Community Life's, John Thennes' and Pamela Thennes' petition for reconsideration filed May 31, reconsideration allowed, former opinion (96 Or App 207, 772 P2d 944) adhered to July 26, petition for review denied September 19, 1989 (308 Or 382)

## KIRPAL LIGHT SATSANG,
*Petitioner,*

*v.*

## DOUGLAS COUNTY,
*Respondent,*

*and*

## ROSEBURG RESOURCES et al,
*Respondents.*

## (LUBA 88-082; CA A51110)

776 P2d 1312

Edward J. Sullivan, Mary Kyle McCurdy and Mitchell, Lang & Smith, Portland, for petition.

Before Richardson, Presiding Judge, and Newman and Graber, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Roseburg Resources, Coalition for the Preservation of Rural Community Life, John Thennes and Pamela Thennes (respondents) petition for Supreme Court review and, thereby, for our reconsideration of our decision. 96 Or App 207, 772 P2d 944 (1989). We allow reconsideration, principally to address respondents' understanding of the scope of our decision.

We said:

"The threshold questions in this case are whether the September application was properly before the county before September 9[, 1987] and whether it qualified for disposition in accordance with ORS 215.428." 96 Or App at 212.

We also noted that, given the bases for its disposition, LUBA had expressly declined to reach those issues. 96 Or App at 210, n 2. We remanded for it to do so, saying:

"We remand for LUBA to make appropriate factual or legal determinations about the September application and to address whatever other issues arise or remain in the light of those determinations." 96 Or App at 213.

Respondents argue that ORS 215.428 does not apply to the September application, if it was one,[1] as a matter of law. They note that ORS 215.428 is inapplicable to applications for permits that are subject to nondiscretionary approval standards. *See* ORS 215.402. Because any application that petitioner might have filed in September, 1987, was for what was then a permitted use, respondents contend that no discretionary standards could be involved and that ORS 215.428 therefore could not apply.[2] Respondents conclude that our

---

[1] Respondents argue again in their petition that the September filings did not constitute an application. Their contentions are, in the main, factual and would be better addressed to LUBA on remand.

[2] Respondents present an oversimplified view of the question. There is no necessary correlation between permitted uses and nondiscretionary decisions. *See Doughton v. Douglas County,* 82 Or App 444, 728 P2d 887 (1986), *rev den* 303 Or 74 (1987). Respondents say:

"The determination of whether a proposed use qualifies as a 'school' requires no policy judgment or factual determinations. If the [county land use ordinance] was not amended on September 9, 1987, building permits must have issued if the use was a school and met setback, yard, and other dimensional requirements."

However, the permitted use that petitioner sought to conduct was defined in the ordinance as "public or private schools, including all buildings essential to the operation of a school." LUBA described petitioner's school proposal, embodied in the November, 1987, conditional use permit application, as including a "multipurpose building, classroom building, two student dormitories, and three staff housing modules."

"decision opens the door to subjecting all sorts of nondiscretionary land use actions to ORS 215.428, which the legislature never contemplated when it specified 'discretionary permits' and 'zone changes.' "

We did not say as much as respondents understand that we did. We did not state or imply answers to the questions that we instructed LUBA to consider.

Although the applicability of ORS 215.428 is a question of law, we do not agree that we should answer it before LUBA has or that either LUBA or we can answer it before the partially factual questions of whether there was a viable permitted use application, and what exactly it was for, have been decided by LUBA.

Reconsideration allowed; former opinion adhered to.