# SMITH,
*Petitioner,*

*v.*

# DOUGLAS COUNTY,
*Respondent.*

## (LUBA 89-013; CA A61219)

780 P2d 232

Bill Kloos, Eugene, argued the cause for petitioner. With him on the brief was Johnson & Kloos, Eugene.

Paul G. Nolte, Douglas County Counsel, Roseburg, argued the cause and filed the brief for respondent.

Before Richardson, Presiding Judge, and Deits and Graber, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

In December, 1988, the Douglas County planning director notified petitioner by letter that he had refused "clearance" for a worksheet that petitioner had filed in connection with his proposal to build a church in an agricultural zone.[1] The director's letter rejected petitioner's contention that the worksheet was an application for a permit, subject to the procedural requirements and approval standards of ORS 215.402 *et seq.* Rather than appeal the director's decision to LUBA, petitioner attempted to appeal it to the county planning commission. In February, 1989, the director wrote petitioner that his request for planning commission review could not be processed, because it presented no reviewable matter.

Petitioner then appealed the February action to LUBA. He contended that county had incorrectly concluded that its Land Use and Development Ordinance does not provide for commission review of the director's December decision and that county also erred by not following the requirements of ORS 215.402 *et seq* in connection with the worksheet. LUBA rejected petitioner's argument that the ordinance makes available an appeal to the planning commission from decisions of the kind embodied in the director's December letter. It then concluded that petitioner's assignments relating to ORS 215.402 *et seq* are not reviewable, because:

> "We agree with the County that its December 27, 1988 letter was a final decision. Because * * * there was no further administrative remedy available to petitioner under the [ordinance], that decision was a final decision appealable to this Board. As petitioner did not appeal that decision, he may not challenge [its] determinations [concerning ORS 215.402 *et seq*] in his appeal of the February 10, 1989 decision."

Petitioner seeks review of LUBA's order. His assignment of error states:

> "LUBA erred in holding that the December 1988 decision of the director was a land use decision that was appealable to LUBA. Given the character of the application under review

---

[1] Petitioner's separate application for a conditional use permit in connection with a related project was the subject of the Supreme Court's and our decisions in *Smith v. Douglas County,* 93 Or App 503, 763 P2d 169 (1988), *aff'd* 308 Or 191, 777 P2d 1377 (1989).

(an application for a discretionary permit) petitioner was required to appeal to the planning commission to exhaust his local remedies available by right before appealing to LUBA. The February 1989 decision refusing to process the appeal to the commission was the land use decision subject to LUBA review. LUBA's interpretation of the county code appeal provisions is in violation of state statutes and would deprive petitioner of the local hearing he is entitled to under state statutes." .

Petitioner contends that the ordinance can and should be read to provide *by its terms* that the director's December decision was appealable to the planning commission. We disagree. His more forcefully advanced argument, however, is that the ordinance *must* be so read in order to be consistent with state law. Petitioner begins with the proposition that the worksheet is an application for a discretionary permit and that the requirements of ORS 215.402 *et seq* apply to it.[2] Among those requirements is that counties conduct hearings on applications that are subject to the statutes. ORS 215.416. Therefore, petitioner reasons, he would be denied the statutorily required hearing unless the ordinance were construed to make a hearing available in the form of an appeal to the planning commission from the director's decision. Because he believes that the ordinance cannot comply with the state statutes unless it is read that way, petitioner concludes that, notwithstanding that the ordinance itself does not provide for an appeal, he *had* to appeal to the commission in order to exhaust his local remedies, and so the February denial of his appeal, rather than the December decision on the worksheet, should be deemed county's final decision.[3]

We are not able to agree. Petitioner confuses the questions of whether the December decision was final and whether it was wrong. It was final, because there is no provision for a county appeal from it. Petitioner therefore could have appealed the December decision directly to LUBA and

[2] County does not agree that the worksheet is an application. *Compare Kirpal Light Satsang v. Douglas County*, 96 Or App 207, 772 P2d 944 (1989), *adhered to* 97 Or App 614, 776 P2d 1312 (1989). We assume, for purposes of this opinion only, that petitioner is correct.

[3] Petitioner does not explain how the director's February decision is any more the act of the planning commission or came any closer to providing a hearing than the director's December decision.

could have contended, *inter alia,* that the decision or the ordinance violates ORS 215.402 *et seq* by failing to provide a hearing. Any inconsistency between the ordinance and state law could have been the basis for an assignment of error in that appeal and, had the assignment succeeded, county would have been required to comply with the statutes, regardless of what the ordinance provides. However, the asserted inconsistency provides no basis for a judicial amendment of the ordinance now.[4]

Affirmed.

---

[4] In *Flowers v. Klamath County,* 98 Or App 384, 780 P2d 227 (1989), we emphasized our ongoing caution to assure that local practices and procedures do not insulate local violations of state land use law from LUBA's and our review. Because county's final decision could have been appealed to LUBA and reviewed for consistency with the statutes, this case does not present that problem.