Argued and submitted March 26, affirmed May 2, reconsideration denied June 27, petition for review denied August 14, 1990 (310 Or 243)

## SUNBURST II
## HOMEOWNERS ASSOCIATION et al,
### *Petitioners,*

*v.*

## CITY OF WEST LINN,
### *Respondent.*

### (LUBA 89-130; CA A63820)

790 P2d 1213

Jacklyn M. Bartruff, Portland, argued the cause for petitioners. With her on the brief were Margaret D. Kirkpatrick and Stoel Rives Boley Jones & Grey, Portland.

William A. Monahan, Portland, argued the cause for respondent. With him on the brief was O'Donnell, Ramis, Elliott & Crew, Portland.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

## RICHARDSON, P. J.

City of West Linn approved its own application for design review approval and a conditional use permit to build a water tower. Petitioners appealed that decision to LUBA, which remanded it to the city, holding that the city had not demonstrated that the proposal complied with certain design review criteria in the West Linn Community Development Code. After the remand, the city amended the code to make those criteria inapplicable to the proposed tower and to other structures enumerated in the public facilities element of the city's comprehensive plan. The city then filed a new application document, supplementing its earlier filing. It applied the amended code provision and approved the application. Petitioners appealed to LUBA again, and it affirmed. They seek review, and we also affirm.

ORS 227.178(3) provides:

> "If the application was complete when first submitted or the applicant submits the requested additional information within 180 days of the date the application was first submitted and the city has a comprehensive plan and land use regulations acknowledged under ORS 197.251, approval or denial of the application shall be based upon the standards and criteria that were applicable at the time the application was first submitted."

Petitioners contended before LUBA that the document the city filed after it had amended the code did not amount to or satisfy requirements for a new application and that the city was therefore required by ORS 227.178(3) to apply the code provision that was in effect when the original application was filed. They also argued that, even if the amendment was applicable, the proposal would not qualify for approval under it. LUBA rejected both arguments. Petitioners do not renew the latter argument to us, but assign error to LUBA's conclusion that what the city filed after the code amendment was "a second 'application,' within the meaning of ORS 227.178(3)."[1] Restated, petitioners' present argument is that the proposed tower is a permissible use under current law, but the city was required to apply its former law to the proposal, because what

---

[1] Petitioners make one other assignment, but it requires no discussion.

it filed after the amendment was not sufficient to constitute an application independent of the original one.

Although we do not disagree with the more extensive reasoning that led LUBA to conclude otherwise, it suffices to say that all of the problems that petitioners ascribe to the city's post-amendment filing could amount at most to a failure to follow applicable procedures.[2] Under ORS 197.835(7)(a)(B), such a failure is a ground for reversal or remand of a local land use decision only if it "prejudice[s] the substantial rights of the petitioner." *See also* ORS 197.850(9)(a). Petitioners do not agree that the errors that they assert are merely procedural. They maintain that, because what was submitted was not a new application, the ultimate error was a failure by the city to apply the correct law and, therefore, to construe the law correctly. ORS 197.835(7)(a)(D). Petitioners beg the question. *Unless* what the city filed after the amendment fell short of being an "application" for the purposes of ORS 227.178(3), the city construed the law correctly by applying the amended provision, and petitioners' bases for contending that the city's post-amendment filing did not constitute an application are solely procedural.

No prejudice to petitioners' substantial rights could have resulted from the city's procedure. The city conducted the plenary proceedings that its code requires for permit applications, and petitioners had a full opportunity to participate. In *Kirpal Light Satsang v. Douglas County,* 96 Or App 207, 772 P2d 944, *adhered to* 97 Or App 614, 776 P2d 1312, *rev den* 308 Or 382 (1989), we held that, under ORS 215.428(3), the analog of ORS 227.178(3) for counties, persons who file applications before more restrictive legislation is adopted are entitled to have the earlier law applied to their applications. Otherwise, their rights under the pre-existing standards would be permanently nullified. The situation here differs by essentially 100 percent. The new legislation in *Kirpal Light Satsang* was inconsistent with granting *any* application except the original; insofar as petitioners argue, the new legislation here

---

[2] Moreover, in the city proceedings, petitioners did not complain about many of the putative defects that they assert now.

would require the original application to be denied. The procedural errors that petitioners claim occurred could not and cannot affect the ultimate decision.

Affirmed.