Argued and submitted January 13, affirmed February 17, 1993

Allen WOOSLEY
and Kay Woosley,
*Petitioners,*

*v.*

MARION COUNTY,
*Respondent.*

(LUBA 92-053; CA A77698)

846 P2d 1170

Robert S. Simon, Lake Oswego, argued the cause and filed the brief for petitioners.

Jane Ellen Stonecipher, Assistant Legal Counsel, Salem, argued the cause for respondent. With her on the brief was Robert C. Cannon, Marion County Legal Counsel, Salem.

Before Deits, Presiding Judge, and Riggs and Durham, Judges.

DEITS, P. J.

### DEITS, P. J.

Petitioners seek review of LUBA's affirmance of a decision by Marion County that, as construed by LUBA, denied their application for a major partition of and a replacement dwelling on their property in an exclusive farm use zone. We affirm.

We take the facts from LUBA's opinion:

"The subject property consists of 19.32 acres of SCS Agricultural Class II and III soils, and is zoned Exclusive Farm Use (EFU). In 1989, petitioners sold 8.99 acres of the subject property to a third party, believing that portion of the property to be separate from the remaining 10.33 acres. The 10.33 acre portion of the subject property is developed with two mobile homes[. O]ne is occupied by petitioners and the other by an elderly relative. In addition, the 10.33 acre portion of the property is improved with a barn and a shop building. Chickens and livestock are raised on the 8.99 acre portion of the property.

"In 1991, petitioners sought permission to replace their existing mobile home. On June 14, 1991, the county sent a letter to petitioners * * * stating that it would not process their replacement dwelling request as it believed the 10.33 acres, on which the mobile homes are located, had been unlawfully divided from the 8.99 acres many years before.[2] The June 14, 1991 letter also stated that partitioning approval must precede approval of a replacement dwelling.

"Thereafter, on August 23, 1991, petitioners submitted an application for partitioning approval. On September 19, 1991, the planning department denied the partition application. Petitioners appealed that decision to the hearings officer. After a public hearing, the hearings officer affirmed the decision of the planning department and denied petitioners' partition application. Petitioners appealed the hearings officer's decision to the board of commissioners, and the board of commissioners denied the appeal without further hearings on the matter. This appeal [to LUBA] followed.

---

"[2] In 1972, apparently without petitioners' knowledge, the relative who lives in the second mobile home on the 10.33 acre portion of the property, applied for county recognition that the 8.99 acre portion is lawfully separate from the 10.33 acre portion. This request was denied by the county, and no appeal was pursued."

Because the county took the view that its land use regulations preclude the issuance of permits for uses on property that was illegally created or is otherwise unlawfully used, the denial of the partition application automatically resulted in either the denial or nonprocessing of petitioners' request for a replacement dwelling.[1] LUBA affirmed the county's decision.

Petitioners contend to us that they were entitled to "nondiscretionary" approval of the request for a replacement home pursuant to section 136.060 of the county zoning ordinance, which provides in pertinent part:

> "Legally established dwellings existing when the EFU zone is applied shall be considered in conformance with the EFU zone and may be repaired, altered or enlarged. The primary dwelling may also be replaced."

According to petitioners, section 136.060 contains the exclusive approval criterion for their application to replace the dwelling.

The county contends and LUBA concluded, in essence, that the county's prohibition of *all* permits or approvals on land that violate partitioning or other ordinance requirements overrides section 136.060 and other provisions that establish approval requirements for specific kinds of permits or uses. The source of the prohibition has been variously stated. No specific citation was given to petitioners before the county's decision. Before LUBA, the county relied on Ordinance No. 778:

> "No building or site permit shall be issued if the parcel of land or the use of the land on which the building, structure or mechanical installation is to be placed, erected, altered, equipped or used is in violation of any Marion County Ordinance."

In its brief to us, the county relies on Section XI(3) of its acknowledged subdivision and partitioning ordinance:

> "Any lot [or] parcel * * * created in violation of this Ordinance shall be deemed null and void. When such a lot or

---

[1] It is not disputed that the property had been unlawfully divided.

parcel is created in violation of the provisions of this Ordinance or has failed to receive approval as required by ORS 92.040, the [county] shall withhold building permits."

Similarly, the county's building ordinance provides that no permit shall be issued for parcels of land that are used in violation of any county ordinance.

Petitioners contend that section 136.060 is applicable and that the county's "policy" of not granting permits or approvals on unlawfully used land is not applicable. We disagree. The provisions quoted above that embody that policy apply by their terms to petitioners' request for the replacement dwelling. Nothing in section 136.060 suggests that replacement dwellings are exempt from the general prohibition in the other county provisions concerning permits for uses on unlawfully created or used property.

Petitioners also argue that the provisions cannot be applied because they are not part of the county's acknowledged land use legislation. However, the relevant legislation has been acknowledged.

Petitioners also assert that the county has established a *de facto* development moratorium, without complying with the requirements of ORS 197.505 *et seq.* That is not correct. Denials of the kind in question are specifically excluded from the scope of the statutory moratorium provisions by ORS 197.505(1).[2] We conclude that the provisions on which the county relies are applicable to petitioners' request, and that they preclude its approval.

Petitioners next argue that the county's failure to apprise them of the source of its prohibition, except to describe it as a "policy," denied them the ability to prepare properly their presentation before the county. LUBA described that failure as a procedural error, and because the

_____

[2] ORS 197.505(1) provides:

" 'Moratorium on construction or land development' means engaging in a pattern or practice of delaying or stopping issuance of permits, authorizations or approvals necessary for the subdivision and partitioning of, or construction on, urban or urbanizable land. It does not include actions engaged in, or practices in accordance with a comprehensive plan or implementing ordinances acknowledged by the Land Conservation and Development Commission under ORS 197.251, nor does it include denial or delay of permits or authorizations because they are inconsistent with applicable zoning or other laws or ordinances."

provisions were absolutely inconsistent as a matter of law with approval of the request and because the county's June, 1991 letter accurately reflected the substance of the provisions, the error could not prejudice petitioners' substantial rights and, therefore, could not furnish a basis for reversal or remand under ORS 197.835(7)(a)(B).

Petitioners take issue with LUBA's characterization of the error as "procedural," and contend that the error affected their substantive rights. They may be correct. However, we do not understand ORS 197.835(7)(a)(B), which limits reversibility for procedural errors to those that prejudice substantial rights, to mean that substantive errors must always result in reversal or remand. It is integral to the appellate process to avoid relitigation of controversies that, regardless of the nature of the error, *cannot* have a different result in a subsequent proceeding. That is the situation here. The statutes governing LUBA's review, if anything, would appear to require that the harmless error principle and the avoidance of purposeless relitigation apply to it. *See* ORS 197.805.

Petitioners' remaining arguments do not warrant discussion.

Affirmed.