Argued and submitted December 21, 1992, affirmed March 17, reconsideration denied June 9, petition for review denied July 27, 1993 (317 Or 272)

McKAY CREEK VALLEY ASSOCIATION,
*Petitioner,*

*v.*

WASHINGTON COUNTY,
Daryl McCoy and Sue McCoy,
*Respondents.*

(LUBA 92-115; CA A77482)

848 P2d 624

Kevin Keaney, Portland, argued the cause for petitioner. With him on the brief was Pozzi, Wilson, Atchison, O'Leary & Conboy, Portland.

David C. Noren, Senior Assistant County Counsel, Hillsboro, argued the cause for respondent Washington County. With him on the brief was John M. Junkin, Washington County Counsel, Hillsboro.

Dorothy S. Cofield, Tigard, argued the cause and filed the brief for respondents Daryl McCoy and Sue McCoy.

Before Richardson, Chief Judge, and Deits and Durham, Judges.

RICHARDSON, C. J.

Durham, J., dissenting.

## RICHARDSON, C. J.

Petitioner appealed to LUBA from Washington County's approval of a dwelling in conjunction with farm use on respondent McCoys' (respondents) property in an exclusive farm use zone. LUBA remanded the decision, but petitioner seeks our review of LUBA's rejection of two of its assignments. We affirm.

The county's community development code makes dwellings in conjunction with farm use permitted uses in the zone if, *inter alia*, they are located "on a lot or parcel" that is operated for certain agricultural or forestry purposes. The term "parcel" is defined in the code and parallels the definition in ORS 215.010. The county definition specifies the ways in which parcels may be created and enumerates the sources of the approval criteria that apply to them. The term parcel "includes lot unless the context requires otherwise."

Petitioner argues that respondents' property does not qualify as a "lot or parcel" and, therefore, the dwelling is not permissible. The background of the dispute is explained in LUBA's opinion:

"From 1984 through 1988, the county interpreted Washington County Community Development Code (CDC) Article VI (Land Divisions), and the provisions of ORS ch 92 which that article implemented, to allow new parcels to be created by recording deeds or land sales contracts separately conveying portions of an existing parcel which are separated by a public road, without additional county review. In other words, under the county's interpretation, the partitioning requirements and procedures of the CDC and ORS ch 92 did not apply to property bisected by a public road.

"All properties referred to in this opinion were and are zoned AF-20. An approximately 19 acre parcel (hereafter tax lot 200) was bisected by Collins Rd. Some time prior to the 1986 lot line adjustment proceeding described below, a deed conveying the 8.04 acre portion of tax lot 200 located south of Collins Rd. was recorded with the county clerk. This 8.04 acre property south of Collins Rd. was thereafter designated tax lot 201 and treated by the county as a separate parcel.

"On November 21, 1986, the county approved a lot line adjustment involving the 8.04 acre tax lot 201 and three other parcels 117.5, 5.5 and 0.03 acres in size. The four reconfigured parcels were 42.2, 38.0, 26.4 and 24.5 acres in

size. The 24.5 acre parcel (hereafter tax lot 303) is owned by [respondents] and is the subject of this proceeding. Three of the four parcels resulting from the lot line adjustment, including tax lot 303, contain portions of what was originally tax lot 201.

"The challenged decision finds that tax lot 201 was created as a separate parcel, prior to 1986, by the recording of a deed conveying the portion of tax lot 200 south of Collins Rd., in accordance with the county's interpretation of applicable regulations at that time. The county and [respondents] argue this is sufficient to support the county's determination that tax lot 303 is a 'parcel.' "[1] (Footnotes omitted.)

Petitioner relies on *Yamhill County v. Ludwick*, 294 Or 778, 663 P2d 398 (1983), where the court held that conditional use permits for dwellings in an unlawfully created subdivision could not be granted under an ordinance provision that allowed dwellings only on "existing legal lots of record." The court reasoned that the dwellings could be permitted only upon a determination by the county that the putative subdivision and the lots in question were lawfully created at the inception, or at least before the area was zoned to impose the existing legal lot of record requirement. It concluded:

"[T]he tracts or lots in question were created as parts of unauthorized subdivisions and were not and have not become 'existing legal lots of record.' Therefore, we hold the lots do not qualify for conditional use permits and variances and Yamhill County was in error in granting the application.

"* * * * *

"If [the subdivider] had received county approval and recorded the plats of the subdivisions then the tracts in question would have become 'legally established lots' as in

---

[1] In 1989, in a proceeding initiated by petitioner, LCDC entered an enforcement order that LUBA's opinion describes:

"The enforcement order finds, among other things, that '[b]y allowing parcels to be created by a road without complying "with all applicable planning, zoning and partitioning ordinances or regulation[s]," the County is violating the legal requirements for creating parcels.' The enforcement order directs respondent to carry out certain 'remedial actions' with regard to specific types of applications."

LUBA held, and we agree, that the enforcement order is not directly relevant to the decision under appeal. We add, however, that that holding is not a comment on any enforcement action that LCDC might take in connection with the events involved in the appeal.

*Robinson [v. Lintz*, 101 Ariz 448, 420 P2d 923 (1966),] and 'existing legal lots of record' under the Yamhill County ordinances." 294 Or at 788-89.

LUBA found this case to be distinguishable from *Ludwick*. It first relied on its decision in *Stefansky v. Grant County*, 12 Or LUBA 91 (1984), where it said:

"Ordinarily, we would not consider it appropriate, in reviewing approval of a conditional use permit, to take up claims concerning *prior* actions relating to the property. Generally, our review function is limited to consideration of the approval criteria applied by the decisionmaker to the permit under appeal. Our jurisdiction does not encompass *all* questions which might be relevant to the use of the property. *See* ORS 197.825; ORS 197.835(1) through (8).[4] However, in this case it appears the county considered petitioner's claim that issuance of the permit was barred by the fact the subject property had been illegally created. In rejecting the claim, the county discussed the partition(s) and made findings concerning them in its order. Accordingly, we believe the claim is subject to our review.

"[4] We believe the *Ludwick* decision is relevant because the county in that case included in its ordinance a requirement that conditional use permits only be issued for 'existing legal lots of record.' The Supreme Court held the county was therefore obliged to inquire into the legal status of the land to be benefited by the permit. We do not know whether the Grant County Ordinance contains a similar provision." 12 Or LUBA 96-97. (Emphasis in original.)

LUBA then reasoned here, that, unlike *Ludwick* and other cases that it discussed where the underlying legality of the lot or parcel had to be considered,

"the relevant code provisions here do not specifically require a determination that a lot or parcel was 'legally' created. Further, none of the above described opinions hold that prior actions creating a lot or parcel are subject to collateral attack in a subsequent land use proceeding where the status of the subject property as a 'legal' lot or parcel, 'lot of record' or 'lot or parcel' as defined by the local code is at issue. Rather, those cases simply stand for the proposition that under a local standard requiring that a lot or parcel be shown to have been legally or properly created, it must be established that, at the time the lots or parcels were created, any local government

*approvals* required at that time were given." (Emphasis in original.)

Therefore, LUBA concluded that the substantive permissibility of the earlier partitions did not have to be considered by it or the county in determining whether the property was a "parcel" on which a dwelling could be located.

Petitioner finds LUBA's distinction of *Ludwick* to be unconvincing. It argues that LUBA's differentiation between ordinances that *expressly* require "legal" lots or parcels of land and those that simply refer to lots or parcels without the modifier is meaningless. As a matter of law, petitioner asserts, "[t]here is no such thing as an illegally created 'lot' or 'parcel.' "

Although we agree with petitioner's abstract proposition, it misses the point: The problem here is not whether respondents' property *is* a lawfully created lot or parcel, but whether that question must be *considered* in connection with *this* application. In *Yamhill County v. Ludwick, supra*, the county ordinance expressly made the legality of the lots an approval criterion for allowing the use on them that the applicants sought. That is not the case here. We do not read the *Ludwick* principle as applying in situations where applicable legislation does not make the permissibility of the use subsequently applied for dependent on the correctness of earlier decisions and actions affecting the status of the property. In other words, our understanding of *Ludwick* is that it construes a particular ordinance; it does not establish a general rule whereby every application for a use of land would necessitate a redetermination of the permissibility of every other use that has taken place on the land.

For similar reasons, this case is unlike *Woosley v. Marion County*, 118 Or App 206, 846 P2d 1170 (1993), where LUBA and we affirmed the county's denial of an application for a replacement dwelling on property that, earlier, had been unlawfully partitioned. The basis for that decision was county legislation that forbade land use approvals on property that was in violation of any ordinance of the county. No argument is made that there is corresponding legislation that bears on this application.

LUBA drew a distinction here between prior government approvals and the substantive correctness of those approvals, and indicated that the existence of the former could be re-explored in connection with subsequent applications, while the latter question could not be. The property in question passes the test that LUBA deemed applicable. Therefore, it is unnecessary for us to decide whether, in the absence of state or local legislation that mandates it in connection with particular applications, even the level of reexamination of earlier actions embodied in that test is appropriate as a general rule. We hold that the legality of the status of respondents' property as a lot or parcel did not have to be determined here and, therefore, we reject petitioner's assignment.

Affirmed.

**DURHAM, J.,** dissenting.

I am unable to agree with the majority's conclusion that this case differs materially from *Yamhill County v. Ludwick*, 294 Or 778, 663 P2d 398 (1983). It is true that the approval criterion in the ordinance in *Ludwick expressly* used the word "legal," and that the one here does not. However, the Washington County ordinance requires the dwellings to be located on "lots" or "parcels." Those terms are defined in the ordinance, and the definition refers to other provisions that specify how lots or parcels may be created. I agree with petitioner that, given that context, the limitation on the permissible sites of dwellings can only be read to mean lots or parcels that were lawfully created.

I respectfully dissent.