Argued and submitted May 21, reversed and remanded with instructions July 23,
petition for review denied October 7, 1997 (326 Or 63)

# Dennis VENABLE
## and Cheryl Venable,
### *Petitioners,*

*v.*

# CITY OF ALBANY
## and Wiley Mtn., Inc.,
### *Respondents.*

## (LUBA No. 96-124; CA A96772)

942 P2d 843

George B. Heilig argued the cause for petitioners.

James V.B. Delapoer argued the cause for respondents. With him on the brief were Long, Delapoer, Healy, McCann & Noonan, P.C., and Larry O. Gildea, P.C.

Before Deits, Chief Judge, and De Muniz and Haselton, Judges.

DEITS, C. J.

**DEITS, C. J.**

Petitioners seek review of LUBA's affirmance of the City of Albany's decision allowing Wiley Mtn., Inc.'s application for approval of a site plan for a manufactured home park.[1] We reverse and remand.

The city treated the application in accordance with its procedures for limited land use decisions, under which no public hearing or related "Type III" procedures are required. Generally, site plan approvals for manufactured home parks are limited land use decisions under applicable provisions of the city's land use legislation. *See also* ORS 197.015(12); ORS 197.195. However, section 6.131 of the Albany Development Code (ADC) provides, as material:

> "Manufactured home parks and manufactured home subdivisions proposed in the floodplain district shall be reviewed by the Planning Division. Notwithstanding other provisions of this code, all manufactured home park and subdivision applications which contain land within the floodplain district shall be processed under a Type III (public hearing) process."

In their appeal to LUBA, petitioners maintained that the city erred by not conducting a public hearing pursuant to that provision. The principal question on which that argument turns is whether the application involves floodplain district land within the meaning of ADC 6.131 and is thus subject to the hearing requirement. As will become apparent from our discussion, petitioners' contention is *facially* tenable, but it cannot be resolved as a matter of law on the basis of the present record.

In its opinion in this case, LUBA initially noted:

> "No party raised the applicability of ADC 6.131 during the city's proceedings. Neither the city's notice nor its decision identifies ADC 6.131 as an applicable procedure or standard, or refers to the provision in any way. Citing ORS 197.835(3), the city contends petitioners have waived this issue by failing to raise it below." (Footnote omitted.)

---

[1] The city and Wiley Mtn., Inc. have appeared jointly on the respondent's brief in this court. We will refer to them collectively as "respondents" where separate identification is not necessary.

ORS 197.828(2)(b) provides that LUBA shall reverse or remand a limited land use decision that "does not comply with applicable provisions of the land use regulations" which, in this case, petitioners maintain, includes ADC 6.131. It is true that petitioners did not assert their reliance on ADC 6.131 in the city proceedings. However, ORS 197.835(4)(a) allows a party to raise issues in an appeal to LUBA that it did not present to the local decision maker if the "local government failed to follow the requirements of ORS 197.195 [generally governing limited land use decisions]." Among those requirements, under ORS 197.195(3)(c), is that the "local government shall follow the applicable procedures contained within its acknowledged * * * land use regulations[.]"

■     Based on the foregoing statutes, LUBA rejected respondents' argument that the issues in question could not be considered on appeal because they had not been raised before the city. LUBA explained:

> "Petitioners may raise new issues before this board pursuant to ORS 197.835(4)(a) if the city failed to follow the requirements of ORS 197.195 for limited land use decisions. ORS 197.195(3)(a) requires a local government in making a limited land use decision to follow the applicable procedures in its acknowledged comprehensive plan and land use regulations. If ADC 6.131 establishes a public hearing as the applicable procedure, the city's failure to follow that procedure allows petitioners to raise the issue before LUBA pursuant to ORS 197.835(4)(a). We must therefore consider whether ADC 6.131 is applicable * * *." (Footnotes omitted.)

We agree with LUBA's conclusion on that point.

LUBA then turned to the parties' arguments on the merits. It said:

> "Petitioners contend the decision should be reversed, citing ORS 197.828(2)(b). However, petitioners do not identify any substantive standards or criteria, in ADC 6.131 or elsewhere, that are applicable to a mobile home park application because it contains land within the floodplain district. They thus fail to establish, as required by ORS 197.828(2)(b), that the *decision* (as opposed to the *procedure* employed in reaching the decision) does not comply with

applicable provisions of the land use regulations. We therefore review the allegation of procedural error pursuant to ORS 197.828(2)(d)." (Footnote omitted; emphasis in original.)

Under ORS 197.828(2)(d), a limited land use decision is subject to reversal or remand by LUBA on the basis of a *procedural* error only if it "prejudiced the substantial rights of the petitioner." After further analysis, which we need not reiterate, LUBA held, correctly, that it could not be ascertained from the record whether the application "propose[d] development in the floodplain." Therefore, LUBA reasoned, again correctly:

> "We are unable to determine on this record whether the city followed applicable procedures contained in its land use regulations, as required by ORS 197.195(3)(a)."

However, LUBA then concluded that, even if a hearing was required, petitioners had not shown that prejudice to their substantial rights resulted from the city's failure to conduct it and, accordingly, the error was not reversible under ORS 197.828(2)(d). LUBA's bases for that conclusion were all to the effect that petitioners did not demonstrate whether and how their presentation or the city's evaluation might have differed had a hearing and related procedures been followed rather than the less formal ones that were. LUBA proceeded to reject petitioners' other assignments, and it affirmed the city's decision.

■     In their first assignment to us, petitioners argue that LUBA erred in concluding that the city's failure to conduct a hearing, if one was required, did not prejudice their substantial rights. Petitioners suggest that the denial of a required hearing is, *per se*, prejudicial to substantial rights. We need not go *quite* that far in this case, because we conclude that the error in denying a hearing here—if in fact there was error—was prejudicial.

In *Oregon City Leasing, Inc. v. Columbia County*, 121 Or App 173, 176, 854 P2d 495 (1993), we quoted with approval[2] from LUBA's discussion of ORS 197.835(7)(a)(B) (*now* ORS 197.835(9)(a)(B)), the "procedural error" provision

---

[2] We reversed LUBA's decision in that case for unrelated reasons.

that applies to LUBA's review of land use decisions and that corresponds to the limited land use review standard in ORS 197.828(2)(d). LUBA said there:

> "We have stated the substantial rights of petitioner referred to by ORS 197.835(7)(a)(B) are 'the rights to an adequate opportunity to prepare and submit [its] case and a *full and fair hearing.*'"[3] (Citations omitted; emphasis supplied.)

*See also Sunburst II Homeowners Assn. v. City of West Linn,* 101 Or App 458, 461, 790 P2d 1213, *rev den* 310 Or 243 (1980).

LUBA's conclusion in this case that there was no prejudice to petitioners' substantial rights was predicated on its determination that neither their ability to prepare and present their case nor the "information relied upon by the city in making its decision" was demonstrably affected by the use of the written comment approach that the city follows for limited land use decisions, rather than the quasi-judicial hearing process that petitioners maintain should have been followed here instead. As petitioners point out, however, the differences between the two procedures *themselves* are fundamental, regardless of any predictive effect that they might or might not have on how a party chooses to present its case. Petitioners explain that the local decision makers are not the same in the two settings (staff personnel versus elected officials or their appointed delegates), and the scope of LUBA's and our review of the decisions differs. *Compare* ORS 197.828 with ORS 197.835.

More fundamentally, the very thing that makes the right to a hearing substantial is the opportunity for response, rebuttal and persuasion that it presents. Given that, it can be nothing more than guesswork to conclude that the parties' presentations and the decision maker's reactions to them would be the same with a hearing or without one. Moreover, even if the guess were correct, it would not be responsive to the right question: The substantial right is the "full and fair

---

[3] We do not imply, by our agreement with the quoted statement's enumeration of what *are* "substantial rights" for purposes of the statute, that other things cannot *also* be.

hearing" itself, not the success that might or might not be achieved at it.

■ We conclude that LUBA erred by holding that petitioners' substantial rights were not prejudiced by the city's failure to hold a hearing, *if* one was required. However, we agree with LUBA that the record does not enable it or us to determine whether a hearing *was* required under ADC 6.131. That question turns in large part on factual determinations that the city has not made—principally relating to whether the application "contain[s] land within the floodplain district." It follows that petitioners' first assignment of error requires a remand to the city to consider whether a hearing is required and, if so, to conduct one.

We do not reach petitioners' other assignments at this time. Respondents make two cross-assignments of error. The first, that the floodplain-related factors that might make a hearing necessary under ADC 6.131 are not present, involves questions that are at least partially factual and that are for the city to answer initially. Respondents argue in their second cross-assignment that petitioners "waived" their right to raise the right-to-a-hearing issue before LUBA, because they failed "to raise that issue before the local decision maker." That argument was adversely and correctly decided by LUBA pursuant to ORS 197.835(4)(a).

Reversed and remanded with instructions to remand decision to city for further proceedings not inconsistent with this opinion.