On respondents' petition for reconsideration filed December 12, and petitioner's response to petition for reconsideration filed December 19, 2001, petition for reconsideration allowed; opinion (178 Or App 210, 35 P3d 1128 (2001)) modified and adhered to as modified February 6, 2002

Norm MAXWELL,
*Petitioner,*

*v.*

LANE COUNTY
and Darin Gorham,
*Respondents.*

2000-164; A114031

40 P3d 532

Corinne C. Sherton, Johnson & Sherton, P.C., and Stephen L. Vorhees, for petition.

Marianne Dugan and Facaros & Dugan, *contra.*

Before Haselton, Presiding Judge, and Linder and Wollheim, Judges.

HASELTON, P. J.

## HASELTON, P. J.

Respondents Lane County and Darin Gorham petition for reconsideration and modification of our opinion in *Maxwell v. Lane County*, 178 Or App 210, 35 P3d 1128 (2001). We allow the petition, clarify our holding as follows, and adhere to our previous opinion as so modified.

As we explained in our previous opinion, Gorham sought to rezone 32 acres in Lane County Exception Area 260B-1 from rural residential 10-acre to rural residential 5-acre minimum lot size. A Lane County hearings officer approved the application, and the Lane County Board of Commissioners affirmed. Norm Maxwell appealed to the Land Use Board of Appeals (LUBA), which also affirmed. Maxwell then sought judicial review of LUBA's order, raising seven assignments of error.

The primary issue on judicial review was whether, under the criteria and procedures for deciding an application for rezoning—set out in Lane County Rural Comprehensive Plan (RCP) Goal 2, Policy 11, and Lane County Board of Commissioners Order 88-2-10-14 and involving, as pertinent here, a mathematical calculation of the "existing average parcel size" in the relevant area—the county was required to determine the legal status of the relevant "parcels." We reviewed *Yamhill County v. Ludwick*, 294 Or 778, 663 P2d 398 (1983), *McKay Creek Valley Assn. v. Washington County*, 118 Or App 543, 848 P2d 624 (1993), and related cases and concluded that, notwithstanding the result in *McKay Creek*, and consistently with the method of construction of legislative enactments subsequently set out in *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-11, 839 P2d 1145 (1993),

> "a local government entity must determine the legal status of a unit of land in connection with a current proceeding involving that unit of land if required to do so by applicable legislation. Applicable legislation includes not only the local enactment governing the particular proceeding at issue, but also other related enactments. In addition, the requirement that the local government determine the legal

status of a unit of land in connection with a particular proceeding need not be expressly stated in the relevant enactment, but may be derived from its text in context or by consideration of its purpose or policy." *Maxwell*, 178 Or App at 230.

Applying that principle to the legislative facts before us, we first determined that neither Goal 2, Policy 11, nor Order 88-2-10-14, expressly defines the term "parcel" or sets out any requirements relating to the legal status of parcels. *Id*. at 222-24. We also determined that, because the former refers to "compliance with other plan policies" and the latter recognizes the effect of land divisions on rezoning decisions, it was appropriate to consider related local enactments, particularly those pertaining to the creation, through land divisions, of "parcels." *Id*. at 224. We examined Lane County Code (LC) chapters 13 and 16, including the definition of "parcel" in LC 16.090 and requirements for partitioning land in LC chapter 13, and concluded that those enactments

> "are applicable in the context of a rezoning proceeding under Goal 2, Policy 11, and Order 88-2-10-14. Thus, a computation of 'average existing parcel size' or 'parcel density' for the purpose of deciding an application for rezoning must be conducted using 'parcels' that conform to the meaning of, and requirements relating to, that term in LC chapter 13." *Id*. at 225-27.[1]

We reversed and remanded to LUBA with instructions to remand to the county for further proceedings on Gorham's rezoning application, "including consideration of the legal status of the relevant parcels." *Id*. at 231. Because of our disposition of that issue, we did not consider Maxwell's other assignments of error. *Id*.

■ Gorham and Lane County now petition for reconsideration, raising two issues. First, they assert that, in considering LC chapters 13 and 16, we misconstrued the definition of "parcel" in LC 16.090 by omitting any discussion of paragraph (c) of the definition, providing that a "parcel" includes a unit of land created "by deed or land sales contract if there

---

[1] As noted in our previous opinion, upon our inquiry to the parties regarding relevant contextual enactments, the county directed our attention to LC chapter 16, which in turn directed our attention to LC chapter 13.

are no applicable planning, zoning or partitioning ordinances or regulations." According to Gorham and the county, that portion of the definition may be relevant on remand and it therefore was inappropriate for this court to, in effect, read it out of the ordinance. Gorham and the county also assert that "parcels" may include units of land created pursuant to mechanisms other than those provided in LC chapters 13 and 16 and that this court's analysis improperly foreclosed the consideration of such parcels. In response, Maxwell asserts that paragraph (c) of the definition of "parcel" in LC 16.090 is not, as a factual matter, applicable to the property at issue in this case and that, in any event, paragraph (c) is inapplicable as a matter of law because it is contrary to requirements in ORS chapter 92 relating to creation of parcels and because it does not comply with statewide planning goals and rules pertaining to the creation and modification of exception areas. The county replies that Maxwell cannot rely, for the first time on reconsideration, on statewide planning goals and rules relating to exception areas and that, in any event, the definition of "parcel" in LC 16.090—including paragraph (c) of that definition—is consistent with the definition of parcel in ORS chapter 215.

We decline to decide the precise meaning, consistency with other legislation, or factual applicability in this proceeding of paragraph (c) of the definition of "parcel" in LC 16.090. Again, in our previous opinion, we established the principle that legislation applicable in the context of a particular proceeding includes not only the particular local enactment governing the proceeding, but also any other related, and relevant, enactments. We also applied that principle in reviewing specific local enactments to which our attention was drawn, directly and indirectly, by the parties. We did not intend, however, for our review of "applicable" legislation to be exhaustive; the parties are free, on remand, to identify other legislation that may be relevant and applicable to the meaning of the term "parcels" in Goal 2, Policy 11, and Order 88-2-10-14. Nor did we intend for our review of "applicable" legislation to predict the result of the county's consideration of the legal status of the parcels at issue in this rezoning proceeding. With those clarifications, we adhere to our original

analysis relating to the issue of the meaning of the term "parcels" as used in Goal 2, Policy 11, and Order 88-2-10-14.

Gorham and the county also assert that reconsideration is warranted for the purpose of considering Maxwell's remaining assignments of error, which, they assert, will properly "narrow" the issues on remand. Maxwell agrees, particularly in regard to his second assignment of error, relating to LUBA's conclusion that, in the county hearing, he waived the issue of the correct total acreage of the exception area.

■      Again, however, we are remanding to the county for further proceedings consistent with the legal principles discussed above and in our previous opinion. We leave for the county to determine in the first instance the proper scope of those proceedings. In particular, in aid of its consideration of the legal status of the relevant parcels, the county may determine that it is necessary to reopen the record to admit further evidence or arguments relating to their creation. *See* ORS 197.763(7). As pertinent to Maxwell's second assignment of error, such evidence and arguments, or the county's resulting legal conclusions, may in turn affect the county's calculation of the total acreage of the exception area.[2] The county also may determine that the legal principles elucidated in our previous opinion, as clarified here, are relevant to, and require rehearing or reconsideration of, the issue raised in Maxwell's third assignment of error, namely, his challenge to the legality of two lot line adjustments. Finally, the county's reconsidered decision on Gorham's rezoning application may render Maxwell's fourth through seventh assignments of error—whether substantial evidence supports LUBA's findings regarding various rezoning criteria—moot. For all of those reasons, we deem it premature for us to resolve Maxwell's remaining assignments of error at this time. *See Carlson v. Benton County*, 154 Or App 62, 961 P2d 248 (1998) (court declined to reach additional assignments of error that were "unlikely to arise in their present form after the county

---

[2] We understand that, on its merits, the dispute over the total acreage of the exception area centers on the purported existence and effect of the same public right-of-way that is implicated in the question of the legal status of two of Gorham's asserted parcels.

applies the correct legal standard on remand"); *Venable v. City of Albany*, 149 Or App 274, 942 P2d 843, *rev den* 326 Or 63 (1997) (remanding for further proceedings; declining to reach the petitioners' other assignments of error "at this time").

Petition for reconsideration allowed; opinion modified and adhered to as modified.