Argued and submitted May 14, reversed and remanded June 16, 1993

OREGON CITY LEASING, INC.,
dba Lone Star Northwest,
*Petitioner,*

*v.*

COLUMBIA COUNTY,
*Respondent.*

(92-193; CA A79199)

854 P2d 495

Steven W. Abel, Portland, argued the cause for petitioner. On the brief were Mildred J. Carmack and Schwabe, Williamson & Wyatt, Portland.

Michael J. Lilly, Portland, argued the cause for respondent. With him on the brief was Lane, Powell, Spears, Lubersky, Portland.

Before Deits, Presiding Judge, and Riggs and Durham, Judges.

RIGGS, J.

### RIGGS, J.

Petitioner appealed to LUBA from Columbia County's 1992 amendment of its 1990 Surface Mining Ordinance. The 1990 ordinance purported to amend the county's 1972 Surface Mining Land Reclamation Ordinance. Petitioner's objective is to invalidate the provision of the 1992 ordinance that assesses certain fees. The principal means by which petitioner seeks to achieve that end is by contending that the 1990 ordinance effectively repealed the 1972 enactment. Therefore, petitioner reasons, there is no permissible predicate for the 1992 assessment of fees that exceed those allowable under ORS 517.780(4) and ORS 517.800. Petitioner relies on ORS 517.780(1), which provides, as material:

> "The provisions of ORS 517.700 to 517.951 and the rules and regulations adopted thereunder shall not supersede any zoning laws or ordinances in effect on July 1, 1972; however, if such zoning laws or ordinances are repealed on or after July 1, 1972, the provisions of ORS 517.700 to 517.951 and the rules and regulations adopted thereunder shall be controlling."

Petitioners also argued to LUBA that the 1992 ordinance is invalid, because the county failed to provide the director of the Department of Land Conservation and Development (DLCD) with the notices of its consideration and adoption that petitioner asserts are required by ORS 197.610(1) and ORS 197.615(1).[1] LUBA rejected the

---

[1] ORS 197.610(1) provides:

"A proposal to amend a local government acknowledged comprehensive plan or land us regulation or to adopt a new land use regulation shall be forwarded to the director at least 45 days before the final hearing on adoption. The proposal forwarded shall contain the text and any supplemental information that the local government believes is necessary to inform the director as to the effect of the proposal. The director shall notify persons who have requested notice that the proposal is pending."

ORS 197.615(1) provides:

"A local government that amends an acknowledged comprehensive plan or land use regulation or adopts a new land use regulation shall mail or otherwise submit to the director a copy of the adopted text of the comprehensive plan provision or land use regulation together with the findings adopted by the local government. The text and findings must be mailed or otherwise submitted not later than five working days after the final decision by the governing body. If the proposed amendment or new regulation that the director received under ORS 197.610 has been substantially amended, the local government shall specify the changes that have been made in the notice provided to the director."

assignments raising both arguments, along with two other assignments that petitioner advanced, and affirmed the city's decision to enact the ordinance. Petitioner seeks review, and we reverse.

■ Because the second issue we have described *could* obviate the need for LUBA, the county or us to consider any of the other issues, we turn to it first. It is necessary to set out LUBA's reasoning in some detail:

> "Whether the requirements of ORS 197.610(1) and 197.615(1) were applicable to the county proceeding leading to the adoption of the challenged ordinance is unclear. However, the requirements imposed by these statutory provisions are procedural in nature. We are authorized to reverse or remand the challenged decision for failure to follow applicable procedures only if the error caused prejudice to petitioner's substantial rights. ORS 197.835(7)(a)(B). We have stated the substantial rights of petitioner referred to by ORS 197.835(7)(a)(B) are 'the rights to an adequate opportunity to prepare and submit [its] case and a full and fair hearing.' *Torgeson v. City of Canby*, 19 Or LUBA 511, 520 (1990); *Muller v. Polk County*, 16 Or LUBA 771, 775 (1988).

> "Here, petitioner participated in the public hearing before the board of commissioners on the proposed amendment to the 1990 Mining Ordinance. Petitioner argues only that the county's failure to comply with ORS 197.610(1) may have prevented DLCD from participating in the county proceedings. Petitioner does not argue that its ability to prepare and submit its case was impeded by the county's failure to notify DLCD, or that it did not receive a full and fair hearing before the board of commissioners." (Footnote omitted.)

LUBA added, in a footnote:

> "The procedural requirements of ORS 197.610(1) and 197.615(1) apply to the amendment of *acknowledged* land use regulations and the adoption of *new* land use regulations. It is not entirely clear that the 1990 Mining Ordinance is itself an acknowledged land use regulation, as it was adopted after the initial acknowledgment of the county plan and land use regulations in 1985, and it is uncertain whether the county followed postacknowledgment amendment procedures when it adopted the 1990 Mining Ordinance. Whether the ordinance challenged in this appeal is itself a land us regulation is also uncertain." (Emphasis in original.)

■■ We do not agree that the failure to comply with ORS 197.610(1) and ORS 197.615(1), if compliance was required, is only a procedural error. We also do not agree that the proper focus of the inquiry is on whether the failure to give notice to the director affected the participatory rights of this petitioner. ORS 197.610 *et seq* contain procedures for assuring that amendments to acknowledged local land use legislation and enactments of new legislation comply with the statewide planning goals.[2] That is a substantive matter. We remand for LUBA to consider the issue further. Specifically, it should determine whether ORS 197.610 and ORS 197.615 apply to the ordinance, and what disposition follows if the statutes were violated.

■ We turn to the first issue. It is again necessary to quote LUBA's reasoning at length:

"Petitioner points out that the 1990 Mining Ordinance is a near total rewrite of the 1972 Mining Ordinance. Petitioner concedes the 1971 legislation that enacted ORS 517.780(1) was originally drafted to provide that if a local government surface mining ordinance was *amended or repealed* after July 1, 1972, the exemption would be lost, and was later changed to provide that the exemption is lost only if the ordinance is *repealed*. However, petitioner argues this change was made to allow only *de minimis* changes to a local ordinance, not a total rewrite such as the county's 1990 Mining Ordinance.

"Ordinance No. 90-11, which adopted the 1990 Mining Ordinance, is captioned 'In the Matter of *Amending* the Columbia County Surface Mining Land Reclamation Ordinance of July 28, 1972.' (Emphasis added.) Sections 2 and 3 of Ordinance No. 90-11 state the 1990 Mining Ordinance is adopted pursuant to section 8.070 (Amendments) of the 1972 Mining Ordinance, and for the purpose of amending the 1972 Mining Ordinance 'to provide for more effective regulation of surface mining and reclamation of surface-mined lands in Columbia County.' Section 1.4(6) of the 1990 Mining Ordinance defines 'amended ordinance' to mean 'the Columbia County Surface Mining Land Reclamation Ordinance, which was enacted on June 28, 1972, *as amended by Ordinance No. 90-11*.' (Emphasis added.)

---

[2] We do not agree with the county's contention that petitioner did not raise the "substantive" issue before LUBA.

"The above described references in the county's 1990 enactment clearly establish that in adopting the 1990 Mining Ordinance, the county *amended*, rather than repealed, the 1972 Mining Ordinance. ORS 517.780(1) provides that the county's exemption from ORS 517.700 to 517.951 expires only if the county surface mining ordinance in effect on July 1, 1972, is *repealed*. The legislature specifically chose to delete a provision under which amendment of a county mining ordinance would have resulted in loss of the ORS 517.780(1) exemption. We have no basis to conclude that anything less than an express repeal of the 1972 Mining Ordinance will result in loss of the county's exemption under ORS 517.780(1). Therefore, the ordinance challenged in this appeal is not subject to the fee limitations established by ORS 517.780(4) and 517.800." (Emphasis in original.)

■     We agree with LUBA that ORS 517.780(1) uses the word "repealed," and not "amendment," and that the word means what it says. However, we do not agree that the county's avoidance of the word "repeal" and its use of the word "amendment" are definitive. As petitioner points out, the 1972 ordinance is eight pages long, and the 1990 ordinance is 58 pages. If the latter supersedes all material particulars of the former, the former is "repealed," whether or not the county used the word. We remand for further proceedings on this issue, too. LUBA may, if it chooses, remand the issue to the county, as well as conducting any further proceedings of its own that may be or become necessary. *See Weeks v. City of Tillamook*, 117 Or App 449, 844 P2d 914 (1992).

The other assignment of error that petitioner makes to us is dependent to some extent on LUBA's resolution of the ORS 197.610 *et seq* issue. Similarly, the county's argument that ORS 517.780 does not affect its fee assessment authority, under the facts, may be considered by LUBA on remand, if the resolution of the ORS 197.610 *et seq* issue leaves the argument in a viable posture and if it was preserved.

Reversed and remanded.