Submitted on record and briefs August 25, affirmed September 27, petition for review denied December 19, 1995 (322 Or 420)

Paul D. TESTA,
Sharon C. Testa, Jack A. Thorsen
and B. Elaine Thorsen,
*Respondents,*

*v.*

CLACKAMAS COUNTY,
*Respondent,*

*and*

Samuel HALE
and Leslie Hale,
*Petitioners,*

*and*

Don MOUSER
and Betty Mouser,
*Intervenors - Respondents Below.*

(95-008; CA A89389)

903 P2d 373

John W. Shonkwiler filed the brief for petitioners.

Paul D. Testa and Sharon C. Testa filed the brief *pro sese.*

No appearance by respondents Jack A. Thorsen, B. Elaine Thorsen and Clackamas County.

Before Deits, Presiding Judge, and De Muniz and Haselton, Judges.

DEITS, P. J.

## DEITS, P. J.

Petitioners[1] Hale seek review of LUBA's reversal of a declaratory ruling that petitioners obtained from Clackamas County. We affirm.

Petitioners requested a declaratory interpretation from the county, under section 1305.01(K) of its zoning ordinance, ostensibly regarding the meaning of county legislation pertaining to its Transitional Timber District (TTD) zone. At the time of the request, petitioners and others who sought the interpretation were in the process of applying for *farm* dwellings in the TTD or related zones. When those applications were filed, county approval of dwellings "not related to forest management" on forest lands was subject to the requirements of LCDC's rule codified as OAR 660-06-028. Although both the state rule and the local provisions in question have since been amended in substantial respects, the pending applications remain subject to the standards in effect at the time they were filed. ORS 215.428(3).

The questions that petitioners presented to the county for interpretation do not require specific description. It suffices to say that their apparent general objective was to produce an interpretation that the TTD was a mixed farm and forestry zone and, therefore, the limitations applicable to forestry zones under OAR 660-06-028 would not apply to applications for farm dwellings in the mixed zone. Rather, the standards for farm uses in the ordinance would be the relevant criteria.[2] After that interpretation was rejected by the county planner and a hearings officer, petitioners appealed to the governing body and there obtained the interpretation of the ordinance that they desired.

The individual respondents appealed to LUBA. It first rejected petitioners' position that the issue before it turned on an interpretation of the local ordinance, or that the deferential review standard of ORS 197.829 and *Clark v.*

---

[1] We refer to the parties by their designations in this court.

[2] No issue akin to the one decided in *Brentmar v. Jackson County*, 321 Or 481, 900 P2d 1030 (1995), is presented here. By describing the interpretation that petitioners sought and the county ultimately gave, we imply no view of its merits in particulars other than those we later address.

*Jackson County*, 313 Or 508, 836 P2d 710 (1992), was pertinent. LUBA noted that the TTD and certain related county zones were forestry zones and had "not [been] acknowledged as farm/forest zones." It then explained:

"[R]egardless of what the county may have intended, the TTD zone was an acknowledged forest zone, not a farm/forest zone."

Accordingly, as a matter of state law, LCDC's "regulations for forest zones * * * governed the TTD zone." LUBA concluded that the "county cannot, through an interpretation of its own ordinance, avoid the requirements of the state regulation." It therefore reversed the governing body's holding that OAR 660-06-028 did not apply to applications for farm dwellings in the zone that were filed at the relevant times.

We agree with LUBA. We need not reiterate its reasoning, and we address only one of the contentions petitioners make to us. They state in their summary of argument:

"[The] County's decision only interpreted the meaning of the County's own Transitional Timber District ordinance language. The interpretation that the zone was a mixed use zone of both farm uses and forest uses was consistent with the express language of the ordinance and its apparent purpose and policy. Since the interpretation did not involve approval of any dwellings * * * in a forest zone, the * * * County's decision did not conflict with a state statute, land use goal or rule. ORS 197.829.

"The County's interpretation did not violate OAR 660-06-003(7) nor OAR 660-06-028. These provisions of the OAR only apply to the County's decision if it involves 'approval of nonforest dwellings.' No nonforest dwellings were approved by this interpretation decision."

We are not persuaded by petitioners' argument. The county is of course free to and has established a declaratory procedure for interpreting land use legislation, separate from and supplemental to its procedures for applying the legislation directly in acting on applications for particular permits or uses. *Medford Assembly of God v. City of Medford*, 297 Or 138, 681 P2d 790 (1984), *cert den* 474 US 1020 (1985). However, the different procedures cannot properly be used to arrive at different answers to what is essentially the same question. It is no less an error for the county to declare that it

need not apply the required standard of state law to nonforest dwelling applications generally than for it to fail to apply the standard in acting on a particular application. In either instance, the decision is contrary to state law, and cannot be saved by the fact that it purports to be an interpretation of local legislation. *Forster v. Polk County*, 115 Or App 475, 839 P2d 241 (1992). We reject petitioners' argument.

Affirmed.