Argued and submitted August 7, motion to strike denied; affirmed on petition;
reversed and remanded in part and affirmed in part on cross-petition
October 16, 1996

## Brent LEATHERS
### and Leathers Oil Company,
*Respondents - Cross-Petitioners,*

*v.*

## MARION COUNTY,
### *Respondent Below,*

*and*

## FLYING J, INC.,
### *Petitioner - Cross-Respondent.*

### (95-125; CA A93566)

925 P2d 148

Kenneth D. Helm argued the cause for petitioner - cross-respondent. With him on the briefs were Timothy V. Ramis and O'Donnell Ramis Crew Corrigan & Bachrach.

Edward J. Sullivan argued the cause for respondents - cross-petitioners. With him on the brief were John H. Nelson and Preston Gates & Ellis.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

WARREN, P. J.

**WARREN, P. J.**

Petitioner seeks review of and respondents[1] cross-petition from LUBA's order remanding Marion County's approval of petitioner's truck stop site plan and its application to conduct certain uses on the site. We affirm on the petition and reverse in part on the cross-petition.

The challenged decision is the culmination of and was based to a large degree on four earlier county ordinances.[2] In 1987, the county enacted ordinance 765, allowing in part petitioner's predecessor's application to partition 27 acres from their 87-acre parcel in an exclusive farm use zone. The ordinance also rezoned the property to Interchange District (ID), and took a "reasons" exception to the statewide agricultural planning goal, Goal 3, to allow the 27 acres of agricultural land to be used as the site for an expansion of the adjacent Unocal truck stop facility.

The Department of Land Conservation and Development (DLCD) appealed the enactment of that ordinance to LUBA. It was concerned that uses were permitted in the ID zone that went beyond those addressed in the exception, and that loss of farm land and unacceptable urban use of rural land could result. DLCD suggested various ways by which the county could allay its concerns, among which was the adoption of a "condition stipulating that a revised exception will be required prior to approval of [certain] additional" uses. The suggestion was apparently premised on OAR 660-04-018(3), a rule of the Land Conservation and Development Commission, which requires:

"(a) When a local government takes an exception under the 'Reasons' section of ORS 197.732(1)(c) and OAR 660-04-020 through 660-04-022, plan and zone designations must limit the uses and activities to only those uses and activities which are justified in the exception.

---

[1] We refer to the parties as they are designated in this court.

[2] Because one of the four earlier ordinances, ordinance 826, plays a significant role in the parties' arguments, and is sometimes even confused in the arguments with the present county decision allowing petitioner's proposed uses, it is important to emphasize that that latter decision is the one that was appealed to LUBA here and the ordinances are not.

"(b)     When a local government changes the types or intensities of uses within an exception area approved as a 'Reasons' exception, a new 'Reasons' exception is required."

After the county and the applicant acceded to DLCD's wishes, DLCD dismissed its appeal to LUBA. The county enacted two ordinances, numbers 777 and 784, relating respectively to a 17-acre and a 10-acre site within the 27-acre partitioned area. Those ordinances repealed ordinance 765, took Goal 3 exceptions and enacted concomitant comprehensive plan amendments, rezoned the property, defined the allowable uses on the two sites, and provided that "[a]ny proposed conditional use or use variance proposed on the land rezoned by this action shall require a revised exception to the Statewide Planning Goals." Although both ordinances contained the Goal 3 exceptions, neither contained an express exception to Goal 14, the urbanization goal, to allow urban uses on rural land. *But see* note 6.

In 1989, after an interested entity other than the original applicants told the county that certain restrictions in the ordinances were interfering with attempts to obtain financing, the county enacted ordinance 826. Petitioner and respondents disagree about whether ordinance 826 allows different and more intensive uses on the 27-acre site than do ordinances 777 and 784. Whether or not ordinance 826 itself has that effect, we agree with respondents and LUBA that the decision which is the subject of this appeal, and which postdates all three ordinances, does add to and intensify the uses authorized by ordinances 777 and 784 and the exceptions taken in them. In particular, the present decision allows an independent operation, rather than the expansion of the existing truck stop that was contemplated by ordinances 777 and 784. Additionally, as LUBA held, the "travel plaza" approved by the county in the present decision entails a different and more intensive use than either ordinances 777 and 784 or the exceptions adopted with them would allow. It is undisputed that no revised Goal 3 or other exceptions were taken in conjunction with the adoption of either ordinance 826 or of the decision now being appealed. It is also undisputed that no appeal to LUBA was pursued from the enactment of ordinance 826.

The present decision resulted from a proposal made by petitioner, after it acquired an interest in the property some years after ordinance 826 was adopted. Based largely on its interpretations of that ordinance, the county governing body allowed petitioner's proposed uses, and respondents brought the present appeal to LUBA. LUBA agreed with several of respondents' contentions. As relevant here, respondents contended, and LUBA agreed, that ordinance 826 was not "deemed acknowledged" under ORS 197.610 *et seq*, because, LUBA found, the county had not given DLCD the notice of adoption required by those statutes. LUBA further held that the county's decision authorized uses that went beyond those that any of its previous Goal 3 exceptions contemplated, and that revised Goal 3 exceptions were required, as was an exception to Goal 14. *But see* note 6. Petitioner assigns error here to those rulings. Respondents' cross-petition challenges two of LUBA's rulings that rejected certain other contentions of theirs.

Ultimately, the principal issues in this case are whether the county was required to take revised exceptions to Goal 3 and an exception to Goal 14 in connection with or as a prerequisite to allowing the uses authorized by the appealed decision, and whether state or local law governs the answer to that question. Although, ultimately, the parties raise and express their positions on those issues, their arguments take a number of detours before arriving at their destination.

Petitioner advances three assignments of error, asserting respectively that LUBA lacked authority to hold that ordinance 826 was not "deemed acknowledged" pursuant to ORS 197.610 *et seq*; that LUBA's decision on that question was not supported by substantial evidence; and that the challenged decision represented the county governing body's interpretation of ordinance 826, to which LUBA should have deferred pursuant to ORS 197.829 and *Clark v. Jackson County*, 313 Or 508, 836 P2d 710 (1992), but did not.

Respondents contest the first two assignments according to their terms and, apparently, reason that ordinance 826 is unacknowledged and therefore could not serve as a basis for the county's decision to the extent that it did.

They also argue that ordinance 826 *itself* impermissibly adds to the uses that the earlier ordinances and exceptions allow. Respondents' next argument takes a turn of approximately 180 degrees and postulates that the substance and status of ordinance 826 are pretty much immaterial. They assert that, *as a matter of state law*, the county had to take revised Goal 3 exceptions and a Goal 14 exception before allowing those uses that the present decision authorizes that differ in type or intensity from the uses contemplated by ordinances 777 and 784 and the exceptions taken when those ordinances were adopted.[3] Because no exceptions were taken by ordinance 826, the present decision, or anything else since the two earlier ordinances were adopted, respondents argue that the new and intensified uses that the present decision authorizes are not now permissible, regardless of the acknowledged or unacknowledged status of ordinance 826, and regardless of what uses it might be interpreted to permit by its own terms.

■  We return to petitioner's assignments. It is unclear to us whether the parties understand LUBA's determination about the unacknowledged status of ordinance 826 to be an independent ruling by LUBA or a rejection by LUBA of a contrary county ruling. Under ORS 197.625(1), an amendment to or a new land use regulation, *inter alia*, is deemed acknowledged if no appeal is brought to LUBA within 21 days after its enactment *and* the required notice of the amendment has been furnished to DLCD, pursuant to ORS 197.615. We assume, without deciding, that LUBA had authority to rule on the status of ordinance 826 in this appeal from a different land use decision, *compare Oregon City Leasing, Inc. v. Columbia County*, 121 Or App 173, 854 P2d 495 (1993), and that LUBA's exercise here did not exceed its limited factfinding authority under ORS 197.835(2). Be that as it may, we agree with petitioner's argument in its second assignment that there is no evidence in the record to support LUBA's finding concerning the acknowledgment of the ordinance (or its rejection of the county's finding, as the case may

---

[3] In addition to arguing that the exceptions were required, respondents also contend that comprehensive plan amendments were necessary. We understand the amendments to which respondents refer to be a simple corollary of their exceptions argument. ORS 197.732(8) requires exceptions to be embodied in a local government's comprehensive plan.

be). The only evidence on point was a recital in the ordinance itself that the required notice *was* provided. LUBA based its conclusion on the fact that no copy of the notice appears in the record before it.[4] However, that fact is of no consequence. The absence of *other* evidence that has a tendency to support the inference of acknowledgment that the only relevant evidence in the record already supports in no way alters the fact that the only relevant evidence is inconsistent with LUBA's finding. We hold that LUBA's determination was erroneous, and that ordinance 826 is deemed acknowledged, pursuant to ORS 197.610 *et seq.*[5]

As indicated earlier, however, the parties take different views about what follows from that fact. Petitioner contends that the present decision was based on the county governing body's interpretation of the acknowledged ordinance 826, that the governing body interpreted the ordinance as allowing the uses in question, and that that interpretation is entitled to deference and is not reversible under ORS 197.829 or *Clark* and its progeny. Respondents answer that the relevant question here is not whether ordinance 826 can be interpreted to allow the uses, but whether the uses *may* be allowed consistently with state law in the absence of the exception to Goal 14 and the revised exceptions to Goal 3 that the county did not take either in ordinance 826 or in this decision.[6] Respondents contend that a local ordinance cannot

---

[4] Although the appeal here was from the subsequent decision, not the enactment of ordinance 826, the county proceedings covering the latter were included in the LUBA record.

[5] We also reject respondents' argument that the ordinance's site specificity eliminates it from the definition of "land use regulation" and thus from the category of legislation that is subject to acknowledgment. *See* ORS 197.015(11). Carried to its extreme, that argument would enable local governments to avoid goal compliance review of their zoning ordinances, by enacting a great many separate ordinances that regulate very small amounts of land.

Respondents have moved to strike material in petitioner's brief relating to DLCD records, which was not in the record before LUBA, but which petitioner asserts tends to show that the county gave the requisite notice to DLCD of the adoption of ordinance 826. We have had no occasion to review that material, because we have concluded that petitioner's argument is well taken, even in the absence of the material. Granting the motion to strike would serve no purpose, and it is denied.

[6] The issue of whether a Goal 14 exception was ever taken by the county and, if so, whether it remains viable, is somewhat murky. However, LUBA's remand gives the county ample latitude either to take a Goal 14 exception or to demonstrate why doing so is unnecessary.

alter the requirements of state law. They maintain further that, to the extent that the local interpretation here would allow uses without any required exceptions having been taken, it is reversible under ORS 197.829(1)(d), which provides that a local government's interpretation of its land use legislation is reversible if it "is contrary to a state statute, land use goal or rule that the comprehensive plan provision or land use regulation implements."[7]

■ We agree with respondents. We stated in *1000 Friends of Oregon v. Marion County*, 116 Or App 584, 589 n 2, 842 P2d 441 (1992):

"Petitioners also place some reliance on a provision of the county's comprehensive plan in connection with their argument that the reasons exception was sufficient. LUBA noted, correctly, that the local provision 'lends [no] support to [petitioners'] position.' The sufficiency of the exception to a statewide planning goal, taken in conjunction with a comprehensive plan amendment, is a question of state law to be answered by reference to ORS 197.732, LCDC's implementing rules and the applicable goals themselves." (Citations omitted.)

*See also Reeves v. Yamhill County*, 132 Or App 263, 268 n 2, 888 P2d 79 (1995). Extending that reasoning to its logical conclusion here, we hold generally that questions pertaining to the need for or sufficiency of statewide goal exceptions are governed by applicable provisions of state law.

The substance of the applicable state requirements here is clear. OAR 660-04-018(3) requires new Goal 3 exceptions for the changed "types or intensities of uses," and an exception to Goal 14 is necessary to support the urban uses on rural land. *1000 Friends of Oregon v. LCDC (Curry Co.)*, 301 Or 447, 724 P2d 268 (1986).

■ However, petitioner's argument appears implicitly to posit that it is a question of local law whether the county's decision *does* change the types and intensities of uses and

---

[7] Ordinances 777, 784 and 826 all contain requirements pertaining to future goal exceptions, although the latter does not itself take exceptions. They thereby "implement" the state exceptions requirements.

thereby implicates the state requirement that revised exceptions be taken. We disagree with that implicit point. The nature of the uses is integral to—if not part of the same question as—whether the exceptions are required. As such, it is a component of that question of state law. In *Testa v. Clackamas County*, 137 Or App 21, 903 P2d 373, *rev den* 322 Or 420 (1995), we rejected the argument that the county could permissibly interpret its own zoning ordinance to classify certain property and allow uses on it that differed from the classification and allowable uses—or standards for allowing uses— under controlling state regulatory requirements. Here, as in *Testa*, "the [county's] decision is contrary to state law, and cannot be saved by the fact that it purports to be an interpretation of local legislation." *Id.* at 25.

■     In sum, although we agree with petitioner that LUBA's ruling on the acknowledged or unacknowledged status of ordinance 826 was incorrect, that error is of no dispositional significance, because the determinative questions presented by the petition involve matters of state law. LUBA's answers to those questions were correct, and the status of ordinance 826 is immaterial to those questions. We accordingly affirm on the petition, and turn to the cross-petition.

In their first assignment, respondents argue that LUBA erred by sustaining the county's determination that certain fuel pumps and truck scales were allowable in the 10-acre parcel regulated by ordinance 784, as modified by ordinance 826. Unlike ordinance 826, a Goal 3 exception was taken in conjunction with the adoption of ordinance 784. That ordinance contains the provision (which is also substantially duplicated in ordinance 826):

> "The intent of rezoning the 10 acres is to provide area for truck and trailer parking. Other truck stop related uses or facilities may only be located on the subject 10 acres if construction and engineer[ing] considerations require it."

Respondents argued to LUBA that both of the challenged uses go beyond those permitted by the ordinance and the exception, and are thus not permissible in the absence of a revised exception. They also contended that, because the fuel pumps will serve automobiles as well as trucks, they are

not "truck stop related uses." Finally, respondents argued that the county was wrong in its determination that changes in the configuration of an adjacent road constituted a construction and engineering consideration that justified the placement of the fuel pumps on the 10-acre site under the ordinance provision.

LUBA held that a revised exception was required for the truck scales. That holding, to whatever extent petitioner challenges it, is sustained for the same essential reasons set forth in our discussion of the petition. LUBA rejected the other arguments of respondents described in the preceding paragraph. LUBA concluded that the fuel pumps came within the earlier Goal 3 exception, notwithstanding their availability to automobiles, because the findings in support of the exception state that the truck stop is "oriented to the I-5 [traveler]" and that "providing for auto [travelers] and tourists is a natural and typical adjunct to every truck stop." For the same reason, LUBA agreed with the county that the fuel pumps could constitute "[o]ther truck stop related uses or facilities," within the meaning of the ordinance. LUBA also rejected respondents' argument concerning the county's determination that the placement of the facilities was justified by construction and engineering considerations. LUBA disagreed, *inter alia,* with respondents' contention "that the actual reason for the encroachment into the truck parking area is the reconceptualization of the proposed development as an independent truck stop * * *."

■    Respondents' first assignment challenges each of those rulings by LUBA. We agree with respondents that LUBA erred in rejecting their argument assailing the county's finding regarding the construction and engineering justification. The finding was expressly based on the assumption that the planned development and location of the travel plaza contributed to the need for the siting of the pumps on the 10-acre site. One effect of LUBA's decision, which we have affirmed on the petition, is to remand the county's decision pertaining to the permissibility of the travel plaza. It follows that the county's "construction and engineering" finding

must also be remanded to it for reconsideration, in light of its disposition of the interrelated travel plaza issues.[8]

■	We do not disagree with LUBA's rulings on respondents' other arguments under their first assignment, given the present posture of the case. However, if that posture changes as a result of the proceedings on remand, a house of cards situation could develop. If a "construction and engineering" justification for the location of the facilities proves not to be possible, the status of the pumps as permissible "related uses or facilities" could be affected, and that in turn could affect the permissibility of their location on the site under the existing exception taken with ordinance 784. Accordingly, on remand, the county must reconsider the siting of the fuel pumps.[9]

Respondents argue in their remaining assignment under the cross-petition that LUBA erred by rejecting their argument that the county's decision went beyond the matters included in its notice of the proceedings, *see* ORS 197.763, and that that was a further basis to remand the decision to the county. LUBA concluded that the problems with the notice were not prejudicial, because respondents were not frustrated in their ability to effectively participate. Under the facts of this case, we agree with LUBA.

Motion to strike denied; affirmed on petition; on cross-petition, reversed and remanded for further proceedings not inconsistent with this opinion on siting of fuel pumps; otherwise affirmed.

---

[8] We do not foreclose the possibility that the county can make findings on remand under which the two issues are not inextricably intertwined. Under the current decision, however, they are.

[9] As noted, LUBA also held that a revised exception is necessary to locate the truck scales on the 10-acre parcel. That matter is accordingly also before the county on remand.