Argued and submitted August 16, motion to dismiss denied; affirmed
November 1, 2000

# FLYING J. INCORPORATED,
*Petitioner,*

*v.*

# MARION COUNTY,
Travelcenters of America,
Brent Leathers, and Leathers Fuels,
*Respondents.*

(LUBA No. 99-143; CA A110784)

13 P3d 516

G. Frank Hammond argued the cause for petitioner. With him on the briefs were Cable Huston Benedict Haagensen & Lloyd LLP, Richard G. Carlisle, and Freilich, Leitner & Carlisle.

Phillip E. Grillo and William K. Kabeiseman argued the cause for respondents Travelcenters of America, Brent Leathers, and Leathers Fuels. With them on the brief were Miller Nash LLP, Edward J. Sullivan, and Preston Gates & Ellis LLP.

No appearance for respondent Marion County.

Before Linder, Presiding Judge, and Deits, Chief Judge, and Wollheim, Judge.

DEITS, C. J.

## DEITS, C. J.

In *Leathers v. Marion County*, 31 Or LUBA 220, *aff'd in part, rev'd in part* 144 Or App 123, 925 P2d 148 (1996), LUBA and, in turn, this court, remanded Marion County's approval of petitioner's site plan for a truck stop. We held, *inter alia*, that the exceptions to statewide planning Goal 3 that had previously been taken, *e.g.*, in rezoning the agricultural property to "interchange district," allowed an expansion of an adjacent existing Unocal truck stop, but that a further exception to the goal would be necessary to permit the more intensive and independent facility that petitioner proposed.[1] On remand, the county denied petitioner's application. LUBA affirmed the county's decision, and petitioner now seeks our review. We also affirm.

■    After the remand to the county, petitioner supplemented its previous filings with a 1999 site plan that, petitioner informs us, it "withdrew" at some unspecified later time. Based on that information, respondents[2] have moved to dismiss the petition for judicial review, contending that the very thing that was before the county for disposition has been withdrawn and the case is therefore moot. Although elsewhere in its arguments petitioner attaches considerably more significance to the 1999 document, its response in opposition to the motion to dismiss describes the document as merely "illustrative" and as an "argument" aimed at depicting the "development integration that [petitioner] might be able to achieve." However, according to petitioner, the 1999 site plan was not *the* application, nor was it "central" to the disposition of whatever it is that petitioner *does* think constituted the application on which it was asking the county to act.

For reasons different from petitioner's, we agree that respondents' motion is not well taken. This case was remanded to the county, by force of LUBA's and our earlier

---

[1] In *Leathers,* and again in LUBA's present opinion, a Goal 14 issue was also presented and addressed. However, that issue is not raised—at least sufficiently to be addressed—in the present arguments to us.

[2] We use the term "respondents" to refer to the appearing respondents, *i.e.*, those other than Marion County.

decisions, before petitioner submitted its 1999 site plan. It is clear to us that the county's decision on remand was responsive to LUBA's and our holdings and to the issues that were or could have been raised on remand under the application and related materials that were involved in the case before the remand proceedings began. Even assuming that the county could have allowed a new site plan to be filed at that stage and could have and did consider it, the county's findings and conclusions also resolved the dispositive issues that LUBA's and our decisions presented on remand with respect to the antecedent filings. The same observations are equally true of LUBA's decision in the present appeal.

In short, there was a pending case with pending issues before the 1999 site plan existed. The proceedings before the county and LUBA after the remand were responsive to and resolved those issues, whether or not those proceedings may also have resolved any issues that arose from the 1999 site plan. We decline to hold that this case is moot simply because the intervening document, to which neither the county nor LUBA attached independently dispositive significance, was introduced into the proceedings. It is not at all apparent to us why respondents consider it to be to their advantage for us to dismiss the petition for review and thereby facilitate petitioner's filing of still another application to the county and further prolonging the controversy. Be that as it may, we find no jurisdictional imperative for or promotion of the interests of justice in our doing so.

■     We deny the motion and turn to the merits. Petitioner makes only one assignment of error, which states:

"LUBA erred in holding that [their] Property must be jointly owned or managed with the Unocal property, absent a new Goal 3 exception."

It is clear that the county made no finding or conclusion regarding joint ownership or management in its current decision, and it is at best highly debatable whether LUBA did so. Whether or not it did, however, that issue was not the ultimate basis for or an essential consideration in its decision.

LUBA summarized the county's ruling:

> "The hearings officer determined, based on her reading of the holdings in *Leathers I* and *II*,[3] (1) that the original exceptions to Goal 3 taken in [the pre-*Leathers*] Ordinances 777 and 784 for the subject property had been justified as an expansion of the neighboring Unocal truck stop * * *; (2) that the use proposed in [the 1995 application considered in *Leathers*] and 1999 is an independent truck stop and (3) that, pursuant to OAR 660-004-0018(4), an independent truck stop is not allowed on the subject property without taking a new exception to Goal 3. Because petitioner did not propose to take a new exception to Goal 3 for an independent truck stop, the hearings officer concluded, the application must be denied." (Footnotes omitted.)

LUBA then explained its rejection of petitioner's challenges to the ruling:

> "[P]etitioner's arguments under this assignment of error were either resolved adversely to petitioner in *Leathers I and II* or, to the extent those arguments go beyond the holdings of those cases, do not demonstrate that the hearings officer erred in rejecting petitioner's similar arguments below. The hearings officer correctly concluded that the exceptions taken in Ordinances 777 and 784 were based on an expansion of the Unocal facility and that, as far as those ordinances are concerned, the more intensive independent facility proposed in 1995 and again in 1999 cannot be approved without a revised exception to Goal 3."

We agree with LUBA. To use the term that petitioner uses elsewhere, the question of joint ownership or management is a "red herring" in this case. The decisive issue is not about ownership, but about use. What LUBA has now held twice, and what we now hold for a second time, is that a truck stop use of the intensity and scope that petitioner proposes on the property in question is not permissible unless a supportable new exception to Goal 3 is taken.[4] In sum,

---

[3] LUBA used those designations to refer to its and our decisions in *Leathers*, respectively.

[4] In its *Leathers* opinion, LUBA formulated the conclusion somewhat differently. However, as material here, its conclusion was the same in substance as ours in that case and both LUBA's and ours in this case.

there is no *material* difference between this case and *Leathers*.

Finally, *respondents* express disagreement with some parts of LUBA's opinion. *See, e.g.,* n 1. Respondents have not cross-petitioned for review or made any cross-assignments of error. They assert, nevertheless, that the purportedly errant parts of LUBA's opinion involve questions of jurisdiction or other matters that we may reach "without the need for [respondents] to cross petition on the issue." We do not agree that respondents have asserted any error that we may reach in the absence of a cross-petition by them.

Motion to dismiss denied; affirmed.